IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| SAMUEL A. LYONS, | * |
| | * |
| Plaintiff, | * |
| | *   Civil Action No. ADC-23-359 |
| vs. | * |
| | * |
| ILEEN M. TICER GREENE, | * |
| | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Defendant Ileen M. Ticer Greene ("Defendant" or "Ms. Ticer Greene") moves this Court to dismiss *pro se* Plaintiff Samuel A. Lyons's Amended Complaint. ECF No. 28. After considering the motions and the responses thereto (ECF Nos. 28, 30, 32), the Court finds that no hearing is necessary.[1] Loc.R. 105.6 (D.Md. 2021). For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED and Plaintiff's claim is dismissed WITH PREJUDICE.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2011, while driving a tractor trailer for the Chesapeake Spice Company, Plaintiff was involved in an accident on Interstate 95. ECF Nos. 1-8 at 3; 1-16 at 4. He subsequently filed a claim with the Maryland Workers' Compensation Commission ("the Commission") seeking an award for the injuries he sustained in the accident. ECF No. 1-16 at 5. Chesapeake Spice Company's insurance provider, PMA Indemnity Insurance ("PMA"), defended the action. ECF No. 1-7 at 2; ECF No. 20 at ¶ 1. The matter was handled by, among other attorneys, PMA's lead counsel, Defendant Ms. Ticer Greene. *Id.*

---

[1] On February 9, 2023, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings pursuant to Standing Order 2019-07. ECF Nos. 9, 10. All parties voluntarily consented in accordance with 28 U.S.C. § 636(c). ECF No. 16.

To assess the extent of his on-the-job injuries, Plaintiff presented to, among other medical professionals, Dr. Robert Riederman for an Independent Medical Examination ("IME"). ECF No. 1-16 at 4. After an examination of Plaintiff and his medical records, Dr. Riederman concluded that Plaintiff's injuries were not causally related to his accident and that Plaintiff did not have a permanent partial disability. ECF No. 1-8 at 5. It was, however, later discovered that this IME was inaccurate as Dr. Riederman had, in formulating his opinion, considered medical records for a different individual named Samuel Lyons. *Id.* at 16. Dr. Riederman apparently acquired the medical records of "a patient who had a similar name but was younger, of a different race, and lived at a different address." ECF No.20 at ¶4. Plaintiff realized this mistake and brought it to Defendant's attention. *Id.* Dr. Riederman subsequently revisited Plaintiff's case and reviewed the proper medical records but reached the same conclusions. ECF No. 1-8 at 17.

On October 2, 2012, Plaintiff requested that the Commission refer his case to the Maryland Insurance Fraud Division to address Dr. Riederman's medical record mistake. ECF No. 20 at ¶ 5. The Commission held a hearing on November 26, 2012, during which Defendant presented Dr. Riederman's IME and "admitted to possessing and using the medical records of another individual." ECF No. 20 at ¶ 5. Despite these representations, the Commission declined to refer Plaintiff's case to the Maryland Insurance Fraud Division. *Id.* Plaintiff was, however, awarded "retroactive temporary total disability benefits." *Id.* He did not appeal this decision. ECF No. 1-16 at 5.

The Commission then held a "permanency award" hearing on April 3, 2013. ECF No. 20 at ¶6. During the hearing, PMA's attorney, Ms. Jane Gerbes, represented that Dr. Riederman had originally considered some records that "were not for this Samuel Lyons" but that he had

subsequently omitted "those particular records" and had not changed his opinion.[2] ECF No. 1-7 at 10. Plaintiff again argued that these inaccurate medical records were "fraud" but was "again denied litigation by the court." ECF No. 20 at ¶6. The Commissioner ruled that Plaintiff had a "22% industrial loss of use of the body" of which "16% is reasonably attributable to the accidental injury." ECF No. 1-7 at 19. Plaintiff was awarded a weekly permanent partial disability payment of $314.00 for a period of 80 weeks. *Id.*

Both Plaintiff and PMA appealed the Commission's decision to the Circuit Court for Harford County. ECF No. 1-8. The circuit court held a hearing on January 6, 2014, during which Dr. Riederman testified. ECF No. 20 at ¶ 7. On May 16, 2014, the circuit court affirmed the Commission's award to Plaintiff finding that it was without error. ECF No. 1-8 at 18. It reasoned, among other things, that the "the Commission did not erroneously rely on medical reports that did not pertain to the Claimant" and that "Commissioner Weinberg justly considered the facts about the accidental injury." *Id.* at 13. Dr. Riederman's opinions and testimony were, however, "dismiss[ed]" as unreliable. ECF No. 20 at ¶ 7.

Plaintiff filed a Request for Modification of his Award in June 2015 as, in his view, his conditions had worsened. ECF No. 1-16 at 7. The Commission held a hearing on May 20, 2016, during which Defendant, "and/or her associates," presented Dr. Riederman's IME and its addendums. ECF No. 20 at ¶¶ 8-9. The Commission ultimately denied Plaintiff's request. *Id.* Upon reconsideration, the Commission again denied Plaintiff's request after finding that he had sustained no increase in permanent partial disability. ECF No. 20 at ¶11. Plaintiff noted an appeal to the Circuit Court for Harford County on November 4, 2016. *Id.* at ¶12. The appeal was, however,

---

[2] It is clear from the transcript attached to Plaintiff's Complaint that Ms. Ticer Greene did not present argument at this hearing. ECF No. 1-7.

dismissed by the court on August 17, 2017. *Id.*

Plaintiff again raised the nature and extent of his permanent disability and PMA's refusal to schedule an IME on December 14, 2017. ECF No. 1-16 at 10. The Commission held another hearing on January 3, 2018, where Plaintiff's "claim was again denied" and the "issues filed between June 20, 2016 and September 22, 2016 . . . were not litigated." ECF No. 20 at ¶13. Plaintiff appealed this decision to the Circuit Court for Harford County. *Id.* at ¶ 14. The court affirmed the Commission's decision, explaining that "[a]bsent new or additional medical evidence, Petitioner's arguments will inevitably result in the same conclusion." ECF Nos. 1-15 at 10; 20 at ¶14. The court also found that several of Plaintiff's arguments were barred by res judicata, collateral estoppel, and the law of the case doctrine. ECF No.1-15 at 10-12. Plaintiff then appealed to the Appellate Court of Maryland, then the Court of Special Appeals, which affirmed the Commissioner's decision on collateral estoppel grounds. ECF Nos. 1-16; 20 at ¶15. The Supreme Court of Maryland, then the Court of Appeals, denied Plaintiff's petition for certiorari. ECF No. 20 at ¶16.

In February 2021, Plaintiff filed suit against PMA and Ms. Ticer Greene in the United States District Court for the Western District of Virginia asserting counts of fraud and perjury. ECF No. 28-2 at 1, 8. He alleged that the defendants had misrepresented Dr. Riederman's report and had "knowingly relied on 'medical documents belonging to another person . . . to avoid paying an insurance claim' for [his] serious work-related injury . . . and that Defendants committed 'fraud' and 'perjury' by presenting this other person's records as evidence[.]" *Id.* at 8.

The defendants filed a motion to dismiss, which the court granted in part on July 7, 2022. *Id.* at 26. The court found that it did not have personal jurisdiction over Ms. Ticer Greene as she "lived and worked in Maryland during the relevant time and that all events underlying [plaintiff's]

purported . . . claims against her occurred in Maryland." *Id.* at 16. The claims against Ms. Ticer Greene were, therefore, dismissed without prejudice. *Id.* at 17. As to PMA, the court found that the applicable Virginia statutes of limitations had expired, that a perjury offense does not give rise to civil liability, and that Plaintiff's complaint failed to state a claim for the tort of fraud under Maryland law. *Id.* at 9, 23-24. Plaintiff's claims against PMA were, therefore, dismissed with prejudice. *Id.* at 26. The court also denied Plaintiff's motion to transfer venue as it was not "in the interest of justice" given that "Maryland's three-year limitations period expired well before [plaintiff] filed suit[.]" *Id.*

Plaintiff filed the instant action against PMA and Ms. Ticer Greene in the Circuit Court for Harford County on December 28, 2022. ECF No. 1-3. Plaintiff's Complaint asserts a single count of fraud against both Defendants. *Id.* at 1. On February 9, 2023, Defendants removed the action to this Court. ECF No. 1 at 1. Plaintiff subsequently filed an Amended Complaint dismissing PMA as a Defendant. ECF No. 20. On May 24, 2023, Defendant Ms. Ticer Greene filed a Motion to Dismiss the Amended Complaint. ECF No. 28. Plaintiff responded in opposition on June 1, 2023 and Defendant replied on June 12, 2023. ECF Nos. 30, 32.

## DISCUSSION

### Standard of Review

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of the Complaint, not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). The Complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists

when Plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* An inference of a "mere possibility of misconduct" is not sufficient to support a plausible claim. *Id.* at 679. "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, the Court must accept all factual allegations in the Complaint as true, but not legal conclusions couched as factual allegations. *Id.* (citations omitted). When deciding a motion under Rule 12(b)(6) courts may, in addition to the complaint and matters of public record, "consider documents attached to the complaint, *see* Fed.R.Civ.P 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Phillips v. Pitt Cnty. Mem'l. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009); *see also Episcopal Church in S.C. v. Church Ins. Co. of Vt.*, 997 F.3d 149, 154 (4th Cir. 2021) ("[W]e may consider authentic, extrinsic evidence that is integral to the complaint, as well as matters of public record.").

As is the case here, "[a] document filed *pro se* is 'to be liberally construed,' and a '*pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "But liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020), *cert. denied*, 141 S.Ct. 1376 (2021) (citing *Weidman v. Exxon Mobil Corp.*, 776 F.3d 214, 219 (4th Cir. 2015)). Therefore, "even a *pro se* complaint must be dismissed if it does not allege a plausible claim for relief." *Wilson v. Wexford Health Sources, Inc.*, No. CV GLR-18-2175, 2020 WL 510332, at *4 (D.Md. Jan. 31, 2020) (citations omitted).

6

**Defendant's Motion to Dismiss**

*Res Judicata*

Defendant first argues that Plaintiff's fraud claim is barred by res judicata as it is "virtually identical" to the claim against PMA that was dismissed with prejudice by the United States District Court for the Western District of Virginia. ECF No. 28-1 at 12-13. Defendant asserts that she is in privity with PMA and that the Western District of Virginia's opinion constitutes a final judgment on the merits of Plaintiff's fraud claim. *Id.* at 13. Plaintiff does not address this argument in his response. ECF No. 30.

    *Choice of Law*

The Court must initially decide whether to apply Virginia law, Maryland law, or federal common law to determine the preclusive effect of the Western District of Virginia's prior judgment. "[W]hen a party raises the defense of res judicata in federal court with regard to a prior judgment issued by a federal court, federal common law governs the preclusive effect of the prior federal court judgment." *Humane Soc'y of United States v. Nat'l Union Fire Ins. Co. of Pittsburg, P.A.*, No. PWG-16-2929, 2017 WL 4467490, at *3 (D. Md. Oct. 6, 2017), *aff'd*, 757 F.App'x 270 (4th Cir. 2019) (citing *Taylor v. Sturgell*, 553 U.S. 880, 891 (2008)). However, when the federal court that issued the prior judgment did so while exercising diversity jurisdiction, the federal rule of decision "is to apply state preclusion law, unless state preclusion law is incompatible with federal interests." *Hately v. Watts*, 917 F.3d 770, 777 (4th Cir. 2019) (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001)); *Taylor*, 553 U.S. at 891 n.4 ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits.").

Here, the United States District Court for the Western District of Virginia exercised

diversity jurisdiction to hear and ultimately dismiss the fraud and perjury claims Plaintiff brought against PMA. ECF No. 28-2 at 8 (Plaintiff "filed his pro se Complaint invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a)"). Virginia state preclusion law is not incompatible with federal interests. *See Q. Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 218 n.1 (4th Cir. 2006) ("[T]he Virginia law of res judicata is not incompatible with any federal interest[.]"). Accordingly, this Court must apply Virginia preclusion law to determine whether the Western District of Virginia's prior judgment bars Plaintiff's fraud claim in this Court.

### *Res Judicata Generally*

Res judicata is an affirmative defense. Fed.R.Civ.P. 8(c)(1). As such, at the motion to dismiss stage, this defense can only be decided when its applicability is clear from the face of the complaint. *Andrews v. Daw*, 201 F.3d 521, 524 n.1 (4th Cir. 2000). Under Virginia law, res judicata "involves both issue and claim preclusion." *Funny Guy LLC v. Lecego, LLC*, 293 Va. 135, 142 (2017). The doctrine is "ultimately governed by whether the present case has already been decided, and whether the party has previously had a fair shot with respect to the claims raised in the present action." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017). "It protects not only parties from having to try the same case twice but also society from having to pay the institutional cost of adjudicating needlessly fragmented litigation." *Funny Guy LLC*, 293 Va. at 142.

Virginia Supreme Court Rule 1:6(a) states:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, is forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the

legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

Va.R.Sup.Ct., 1:6(a). "For the purposes of this Rule, party or parties include all named parties and those in privity." *Id.* at (d). Therefore, to state the defense of res judicata, a party must establish (1) that there has been a final judgment decided on the merits; (2) that the claim or cause of action arises from the same conduct, transaction, or occurrence as the previous judgment; and (3) that the parties are the same or in privity. *Williams v. Equifax Info. Servs., LLC*, No. 4:21cv136, 2022 WL 16856095, at *3 (E.D.Va. Nov. 10, 2022). "The party asserting the defense of res judicata has the burden of proving by a preponderance of the evidence that the new claim is precluded by a prior judgment." *Q Intern Courier Inc. v. Smoak*, 441 F.3d 214, 219 (4th Cir. 2006) (citing *Davis v. Marshall Homes, Inc.*, 265 Va. 159 (2003)).

*Final Judgment on the Merits*

Defendant first argues that the memorandum opinion and order issued by the Western District of Virginia constitutes a final judgment as the court dismissed Plaintiff's fraud claim with prejudice. ECF No. 28-1 at 12. As a general proposition, under Virginia law, "a judgment of dismissal which expressly provides that it is 'with prejudice' operates as res judicata and is as conclusive of the rights of the parties as if the suit had been prosecuted to a final disposition adverse to the plaintiff." *Lambert v. Javed*, 273 Va. 307, 310 (2007) (quoting *Va. Concrete Co. v. Bd. of Supervisors*, 197 Va. 821, 825 (1956)). "However, a dismissal 'with prejudice' does not always constitute an adjudication on the merits or operate as a bar to a subsequent action. Rather, [the Supreme Court of Virginia has] stated that the effect of the words 'with prejudice' must be considered in light of the circumstances in which they are used." *Shutler v. Augusta Health Care for Women, P.L.C.*, 272 Va. 87, 92 (2006) (quoting *Reed v. Liverman*, 250 Va. 97, 100 (1995)).

In the instant case, the context and content of the Western District of Virginia's opinion

9

demonstrates that it considered and ruled on the merits of Plaintiff's fraud claim and that its

decision was meant to be conclusive of the rights of the parties. ECF No. 28-2 at 23. The court

reasoned that dismissal with prejudice was appropriate as Plaintiff's "general allegations of 'fraud'

do not support an inference that PMA defrauded [Plaintiff] in connection with his state workers'

compensation proceedings." *Id.* Plaintiff could not, the court explained, "correct the pleading

deficiencies in his common-law fraud claim for damages through amendment because there is 'no

set of facts [he] could present to support' his theory of Defendants' liability." *Id.* This constitutes

a conclusive judgment on the merits as the court determined that Plaintiff could not—under any

circumstances—prevail on his claim. Accordingly, I find that Defendant has carried her burden to

show that the Western District of Virginia's opinion constitutes a final judgment for purposes of

claim preclusion. *See Kalos v. Posner*, No. 1:10cv73 (JCC/TRJ), 2011 WL 761240, at *4 (E.D.Va.

Feb. 23, 2011).

*The Same Conduct or Transaction*

Defendant next argues that Plaintiff's current allegations are "virtually identical to those

brought . . . before the Virginia federal court." ECF No. 28-1 at 12. In evaluating this element of a

res judicata defense, Virginia courts utilize the "transactional approach, asking whether the claims

in each suit arise out of the same transaction or occurrence." *Barnwell v. Ark Land, LLC*, 547

F.Supp.3d 526, 534 (citing *Funny Guy, LLC*, 293 Va. at 135). This element is readily met in this

case. Before the Western District of Virginia, Plaintiff argued that Ms. Ticer Greene and PMA

"committed fraud . . . in connection with [his] state workers' compensation case" by using

"altered" medical records. ECF No. 28-2 at 1, 3. In his Amended Complaint in this Court, Plaintiff

asserts that Defendant fraudulently used "altered medical documents" to "prevent [him] from

having any claim for benefits under Maryland Workers' Compensation law." ECF No. 20 at 1,

¶17. This language, as well as the overall content and context of Plaintiff's filings in both cases, makes clear that Plaintiff brought both actions to remedy what he perceived to be Defendants' fraudulent use of Dr. Riederman's IME before the Workers' Compensation Commission and Circuit Court for Harford County. Accordingly, I find that Defendant has met her burden to show that the claim in this case arises from the same transaction or occurrence as Plaintiff's claims before the Western District of Virginia.

> *Privity*

Defendant next argues that she was is in privity with PMA as "a former employee." ECF No. 28-1 at 13. "One of the most important elements to res judicata is the identity of the parties; the present suit must involve the same parties *or their privies* in order for the doctrine to act as a bar." *Lohr v. McCurdy*, 52 Va.Cir. 352 (Va.Cir.Ct. 2000) (emphasis in original). While Virginia has "no generally prevailing definition of privity," *Storm v. Nationwide Mut. Ins. Co.*, 199 Va. 130, 134 (1957), "the 'touchstone' for privity for res judicata purposes is that one 'party's interest is so identical with another that representation by one party is representation of the other's legal right,'" *Columbia Gas Transmission, LLC v. David N. Martin Revocable Tr.*, 833 F.Supp.2d 552, 558 (E.D.Va. 2011); *see also Weinberger v. Tucker*, 510 F.3d 486, 492 (4th Cir. 2007) ("The concept of privity requires an alignment of interests and not an exact identity of parties.").

Whether privity exists for res judicata purposes is "determined on a case by case examination of the *relationship and interests of the parties*." *Lane v. Bayview Loan Servicing, LLC*, 297 Va. 645, 656 (2019) (quoting *Raley v. Haider*, 286 Va. 164, 172 (2013)). Virginia courts "typically find privity when the parties share a contractual relationship, owe some kind of legal duty to each other, or have another legal relationship such as co-owners." *Columbia Gas Transmission, LLC*, 833 F.Supp.2d at 558. Especially relevant to the instant case, "courts have

11

held that employees or agents and their employers are in privity due to the nature of their relationship." *Reber v. Trident Sys., Inc.*, No. 1:13-cv-348, 2015 WL 1258330, at \*4 (E.D.Va. March 17, 2015) (citing *Lohr*, 52 Va.Cir. 352 (2000)).

Returning to the instant case, the pleadings and motions before the Court make it clear that privity existed between PMA and Ms. Ticer Greene. As Plaintiff pleads in his Amended Complaint, these parties were, at all relevant times, engaged in an employer/employee relationship as Ms. Ticer Greene was the "former lead counsel/employee for PMA Indemnity Insurance." ECF No. 20 at ¶ 2. All of the alleged fraudulent actions by Ms. Ticer Greene were taken on behalf of PMA. Any representations that Ms. Ticer Greene made to the Commission or Maryland state courts about Dr. Riederman's IME were made in her role as an employee of PMA and in defense of Plaintiff's workers' compensation claim (which PMA would ultimately be responsible for paying out). Therefore, it cannot reasonably be said that PMA and Ms. Ticer Greene did not "represent the same legal right." *Lohr*, 52 Va.Cir. at 352 ("As an agent for Nationwide, [the defendant's] acts bound Nationwide to this policy.").

For these reasons, I find that Plaintiff's fraud claim is barred by the doctrine of res judicata. He had a full and fair opportunity to litigate this claim before the Western District of Virginia, which held that "there is 'no set of facts [he] could present to support' his theory of Defendants' liability." ECF No. 28-2 at 23. Accordingly, the Court grants Defendant's motion and will dismiss Plaintiff's claim with prejudice. ECF No. 28.

*The Statute of Limitations*

Even assuming arguendo that Plaintiff's fraud claim is not barred by res judicata, the Court

finds that it was filed in this Court well after the expiration of Maryland's statute of limitations.[3] "When choosing the applicable state substantive law while exercising diversity or supplemental jurisdiction, a federal district court applies the choice of law rules of the forum state." *Ground Zero Museum Workshop v. Wilson*, 813 F.Supp.2d 678, 696 (D.Md. 2011). "Regarding choice of law in the context of a tort claim, Maryland applies the law of the state where the alleged harm occurred." *Galante v. Ocwen Loan Servicing LLC*, No. ELH-13-1939, 2014 WL 3616354, at *21 (D.Md. Jul. 18, 2014). Here, Plaintiff alleges that Defendant committed fraud in the defense of his workers' compensation claim, which was litigated in Maryland and the Maryland state courts. ECF No. 20 at ¶¶ 4-17. Accordingly, I will apply Maryland law to Plaintiff's common law fraud claim.

Under Maryland law, "[a] civil action shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." Md. Code Ann., Cts. & Jud. Proc., §5-101. "This three-year statute of limitations applies to common law fraud claims[.]" *Mills v. JPMorgan Bank Nat. Ass'n*, No. LKG-20-279, 2022 WL 1063108, at *2 (D.Md. April 8, 2022).

Having established that Plaintiff's fraud claim is subject to a three-year statute of limitations, the Court must next determine the claim's accrual date. Maryland courts apply the "discovery rule" to determine when a cause of action accrues. *Mills*, 2022 WL 1063108, at * 2.

---

[3] In addition to the res judicata and statute of limitations issues, the Court notes that Plaintiff's theory of fraud is fundamentally flawed for at least two additional reasons. First, while Plaintiff argues that Dr. Riederman's IME is fraudulent because he considered medical records that did not belong to Plaintiff, the documents attached to his Complaint make clear that, upon realizing the mistake, Dr. Riederman revisited his case. Even after consideration of the proper medical records, Dr. Riederman did not amend his original conclusions. ECF No. 1-16 at 6. Second, it is clear from the documents supporting Plaintiff's Complaint that Ms. Ticer Greene did not represent PMA in all of the hearing in which Plaintiff claims that fraudulent documents were admitted. *See, e.g.,* ECF No. 1-7. As such, any fraudulent representations in those hearings cannot be attributed to Ms. Ticer Greene.

Under this rule, "a plaintiff's cause of action accrues when the plaintiff knows or reasonably should have known of the wrong." *Brown v. Neuberger, Quinn, Gielen, Rubin & Gibber, P.A.*, 731 F.Supp.2d 443, 449 (D.Md. 2010) (citing *Lumsden v. Design Tech Builders, Inc.*, 358 Md. 435 (2000)).

The "discovery rule" does not "require actual knowledge on the part of the plaintiff, but may be satisfied if the plaintiff is on 'inquiry notice.'" *Dual Inc. v. Lockeed Martin Corp.*, 383 Md. 167-68 (2004) (citing *Am. Gen. Assurance Co. v. Pappano*, 374 Md. 339, 351 (2003)). Inquiry notice must be actual notice, either express or implied. *Poffenberger v. Risser*, 290 Md. 631, 637 (1981). A plaintiff is on inquiry notice when the plaintiff "possesses 'facts sufficient to cause a reasonable person to investigate further, and . . . [that] a diligent investigation would have revealed that the plaintiffs were victims of . . . the alleged tort.'" *Dual Inc.*, 383 Md. at 168 (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 448-49 (1988)). Accordingly, a plaintiff who "fail[s] to investigate when the propriety of the investigation is naturally suggested by circumstances known to him . . . will be held guilty of bad faith and must suffer from his neglect." *Poffenberger*, 290 Md. at 637 (internal citations omitted).

Here, Plaintiff alleges that Defendant committed fraud throughout his workers' compensation action as she repeatedly offered Dr. Riederman's IME. ECF No. 20. He pleads that he first learned that the IME was inaccurate in June 2011 and that he subsequently investigated the erroneous medical records. *Id.* at ¶ 5. Defendants committed fraud, Plaintiff asserts, by offering the IME to the Commission or the Circuit Court for Harford County on the following dates: (1) November 26, 2012 (initial administrative hearing); (2) April 13, 2013 (permanency hearing); (3) January 6, 2014 (hearing before Judge Curtin); (4) May 20, 2016 (rehearing on worsening of conditions). *Id.* at ¶¶5-8. Because Plaintiff alerted Defendant of the medical record mix up well

14

before the records were ever admitted in a legal proceeding, it is clear that he "discovered" each alleged fraud the moment that the IME was admitted into evidence. Applying the three-year statute of limitations to the most recent fraud allegation, May 20, 2016, Plaintiff had until May 20, 2019 to file his claim. Plaintiff filed this action on December 28, 2022, more than six and a half years after the alleged fraud occurred and more than three years after the statute of limitations expired. ECF No. 1. Accordingly, the Court will grant dismissal with prejudice on this ground as well.

CONCLUSION

For the reasons set forth in this Memorandum Opinion, Defendant's Motion to Dismiss (ECF No. 28) is GRANTED. Because any amendment to Plaintiff's complaint would be futile, his claim is dismissed WITH PREJUDICE. *See Reynolds v. U.S. Dep't of Justice,* No. RWT-14-427, 2015 WL 6002059, at *1 (D.Md. Oct. 9, 2015) ("A futile amendment would include one that seeks to reintroduce claims already barred by res judicata."); *Barnes v. Prince George's Cnty.*, 214 F.R.D. 379, 380 (D.Md. 2003) ("One circumstance rendering amendment futile is when the statute of limitations has run and the amendment would not relate back under Rule 15(c)."). A separate Order will follow.

Date: ___11 July 2023___

_A. David Copperthite_
A. David Copperthite
United States Magistrate Judge